IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Richmond Division

WILLIAM P. TATUM, IV., )
)
    Petitioner, )
)
v. ) Civil Action No. 3:21CV266–HEH
)
CLINT CLARY, )
)
    Respondent. )

**MEMORANDUM OPINION**
**(Dismissing Without Prejudice 28 U.S.C. § 2254 Petition)**

William P. Tatum, IV, a Virginia inmate proceeding *pro se*, filed a 28 U.S.C. § 2254 petition. a 28 U.S.C. § 2254 petition challenging the revocation of his probation (§ 2254 Petition," ECF No. 3). Before a state prisoner can bring a § 2254 petition in federal district court, the prisoner must first have "exhausted the remedies available in the courts of the State." 28 U.S.C. § 2254(b)(1)(A). Exhaustion is accomplished by presenting the claims to the Supreme Court of Virginia for review either on direct appeal or by a state habeas proceeding. Tatum's § 2254 Petition fails to indicate that he has presented his claims to the Supreme Court of Virginia by direct appeal or in a state habeas proceeding. Rather, he clearly indicates that his appeal is pending in the Court of Appeals of Virginia. (ECF No. 3 at 2, 9.) Accordingly, by Memorandum Order entered on June 23, 2021, the Court directed Tatum to show cause, within eleven (11) days from the date of entry thereof, as to why his § 2254 Petition should not be dismissed for lack of exhaustion. Tatum has filed a response. (ECF No. 8.)

"As a general rule, in the absence of 'exceptional circumstances where the need for the remedy afforded by the writ of *habeas corpus* is apparent,' *Bowen v. Johnston*, 306 U.S. 19, 27 (1939), courts 'require[ ] exhaustion of alternative remedies before a prisoner can seek federal habeas relief.'" *Timms v. Johns*, 627 F.3d 525, 530–31 (4th Cir. 2010) (alteration in original) (parallel citation omitted) (quoting *Boumediene v. Bush*, 553 U.S. 723, 793 (2008)). Exhaustion is accomplished by presenting the claims to the Supreme Court of Virginia for review either on direct appeal or in a collateral proceeding. Conversely, "federal courts should abstain from the exercise of [habeas] jurisdiction if the issues raised in the petition may be resolved either by trial on the merits in the state court or by other state procedures available to the petitioner." *Dickerson v. Louisiana*, 816 F.2d 220, 225 (5th Cir. 1987) (citations omitted); *Durkin v. Davis*, 538 F.2d 1037, 1041 (4th Cir. 1976) ("Until the State has been accorded a fair opportunity by any available procedure to consider the issue and afford a remedy if relief is warranted, federal courts in habeas proceedings by state [inmates] should stay their hand." (internal quotation marks omitted)).

In his response, Tatum states that "I feel and felt that the federal Court was the only people who could help me since they broke so many laws to convict me and got away with it." (ECF No. 8 at 2.) However, Tatum has offered no other explanation about why his claims should be considered exhausted. Tatum fails to demonstrate he has exhausted his state remedies. Moreover, Tatum fails to demonstrate any exceptional circumstances that would warrant the consideration of his habeas petition at this time.

Accordingly, Tatum's § 2254 Petition will be dismissed without prejudice to re-file after he has exhausted his state court remedies for all of his claims.

An appeal may not be taken from the final order in a § 2254 proceeding unless a judge issues a certificate of appealability ("COA"). 28 U.S.C. § 2253(c)(1)(A). A COA will not issue unless a prisoner makes "a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). This requirement is satisfied only when "reasonable jurists could debate whether (or, for that matter, agree that) the petition should have been resolved in a different manner or that the issues presented were 'adequate to deserve encouragement to proceed further.'" *Slack v. McDaniel*, 529 U.S. 473, 484 (2000) (quoting *Barefoot v. Estelle*, 463 U.S. 880, 893 & n.4 (1983)). No law or evidence suggests that Tatum is entitled to further consideration in this matter. A COA will therefore be denied.

An appropriate Order shall accompany this Memorandum Opinion.

                                                                          /s/
                                       HENRY E. HUDSON

Date: July 21, 2021         SENIOR UNITED STATES DISTRICT JUDGE
Richmond, Virginia